Filed 6/28/22  P. v. Kain CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DANIEL WAYNE KAIN,<br><br>  Defendant and Appellant. | F082978<br><br>(Super. Ct. No. VCF321959B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert Gezi and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Peña, J.

Defendant Daniel Wayne Kain pled no contest to robbery and admitted a firearm allegation. On appeal, defendant argues that his sentence must be vacated and the matter remanded in light of Assembly Bill No. 124's (2021–2022 Reg. Sess.) (Assembly Bill 124) amendments to Penal Code[1] section 1170, subdivision (b)(6). The People agree that the amendments to section 1170, subdivision (b)(6), apply retroactively to defendant and require defendant's sentence to be vacated, and the matter to be remanded for resentencing. We vacate defendant's sentence and remand for resentencing. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On September 28, 2015, the Tulare County District Attorney filed an information, charging defendant, who was 18 years of age, with second degree robbery (§ 211; count 1).

On June 9, 2016, the Tulare County District Attorney amended the information to allege that defendant used a firearm in the commission of count 1 (§ 12022.5).[2]

On the same date, defendant pled no contest to count 1 and admitted the firearm enhancement based on the trial court's indicated sentence: seven years in prison, suspended, with a grant of probation for three years; defendant would be required to serve one year in jail as a condition of probation.

On July 6, 2016, the trial court imposed the indicated sentence as follows: on count 1, three years (the middle term) plus a four-year firearm enhancement (the middle term). The sentence was suspended, and defendant was granted probation for three years and ordered to serve one year in jail as a condition of probation.

---

[1] All further statutory references are to the Penal Code.

[2] The information originally alleged defendant personally used a firearm pursuant to section 12022.53, subdivision (b).

2.

On March 21, 2018, the probation officer filed a certificate and affidavit alleging that defendant had violated his probation. On February 5, 2021, defendant admitted the violation of probation.

On June 18, 2021, the trial court terminated defendant's probation and imposed the suspended sentence.

On June 23, 2021, defendant filed a notice of appeal.

## DISCUSSION[3]

### Assembly Bill 124

Assembly Bill 124 became effective January 1, 2022. (Stats. 2021, ch. 695, § 5.3; Stats. 2021, ch. 731, § 1.3.) Among other changes, Assembly Bill 124 sets a presumption that the trial court "shall order imposition of the lower term if any of the [enumerated circumstances] was a contributing factor in the commission of the offense ...." (§ 1170, subd. (b)(6).) Those circumstances are that (A) the defendant "has experienced psychological, physical, or childhood trauma ...," (B) the defendant "is a youth, or was a youth"—meaning that the defendant was under 26 years of age—"at the time of commission of the offense," and (C) "[p]rior to the instant offense ... the [defendant] is or was a victim of intimate partner violence or human trafficking." (§§ 1016.7, subd. (b), 1170, subd. (b)(6)(A)–(C).)

The parties agree, as do we, that the ameliorative changes in law brought about by Assembly Bill 124 are retroactive, pursuant to *In re Estrada* (1965) 63 Cal.2d 740, to cases not yet final on appeal. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039; see *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) They further agree, as do we, that defendant's case was not yet final on the effective date of Assembly Bill 124

---

[3]   Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

3.

and defendant was under the age of 26, and therefore a youth, on the date he committed the offense.

The record does not demonstrate that the probation department investigated the impact of defendant's youth on the commission of his offense or that the trial court considered whether defendant's youth was a contributing factor to the commission of the offense in creating its indicated sentence or in imposing the sentence. Further, the record does not indicate that the trial court would have imposed the same sentence if it had considered whether his youth was a contributing factor to his commission of the offense. (*People v. Banner* (2022) 77 Cal.App.5th 226, 242.) For those reasons, we vacate defendant's sentence and remand the matter for resentencing consistent with section 1170, subdivision (b)(6).

We take no position on what sentence the trial court should impose.

## **DISPOSITION**

Defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing consistent with Assembly Bill 124. In all other respects, the judgment is affirmed.